UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACEY E. TURLEY, JR., <br><br>        Plaintiff, <br><br>    v. <br><br> ELMANTE, <br><br>        Defendant. | Case No. 1:23-cv-00596-JLT-CDB (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES <br><br> (Doc. 39) <br><br> **14-DAY OBJECTION PERIOD** |

      Plaintiff Macey E. Turley, Jr. is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for adverse conditions of confinement and deliberate indifference against Defendant Elmante. (Docs. 1, 11). On March 9, 2024, Defendant filed an answer to Plaintiff's complaint. (Doc. 17). On December 5, 2024, the Court issued the discovery and scheduling order setting forth discovery dates and deadlines. (Doc. 34). On October 14, 2025, the Court granted Defendant's ex parte motion to amend the scheduling order and continued the deadline to file dispositive motions to November 7, 2025. (Doc. 37). On November 7, 2025, Defendant filed the pending motion for summary judgment, making Plaintiff's response due on November 28, 2025, plus time for mailing. (Doc. 38).

      After the deadline by which Plaintiff was required to respond to Defendant's motion for summary judgment passed and Plaintiff had not filed any response, sought an extension, or otherwise explained the delinquency, on December 5, 2025, the Court ordered Plaintiff to show cause in writing within 14 days of service of the order (*i.e.*, by December 22, 2025, *see* Fed. R. Civ. P. 6(d)) why sanctions should not be imposed for his failure to file an opposition or statement of

1  non-opposition to Defendant's pending motion. (Doc. 39). Plaintiff was provided the opportunity
2  to comply in the alternative by filing within that same time an opposition or statement of non-
3  opposition to Defendant's pending motion. *Id.* at 3. Plaintiff was forewarned that "**[a]ny failure**
4  **by Plaintiff to respond to this Order will result in a recommendation to dismiss this action**
5  **for failure to obey court orders and failure to prosecute**." *Id.* (emphasis original).

6  Plaintiff has failed to file a response to the Court's show cause order or an opposition or
7  statement of non-opposition to Defendant's pending motion for summary judgment, and the time
8  to do so has passed. Accordingly, the undersigned will recommend that this action be dismissed
9  without prejudice for Plaintiff's failure to obey a court order and to prosecute this action.

10  **Governing Authority**

11  Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
12  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
13  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
14  the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in
15  the exercise of that power, impose sanctions where appropriate, including dismissal of the action.
16  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action
17  based on a party's failure to prosecute an action, obey a court order, or comply with local rules.
18  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
19  comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,
20  130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
21  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
22  rules).

23  Relevant here, Local Rule 230(l) provides in relevant part that in all motions wherein one
24  party is incarcerated and proceeding *in proria persona*, opposition thereto, "if any, to the granting
25  of the motion shall be served and filed by the responding party not more than twenty-one (21) days
26  after the date of service of the motion. A responding party who has no opposition to the granting
27  of the motion shall serve and file a statement to that effect, specifically designating the motion in
28  question. Failure of the responding party to file an opposition or to file a statement of no opposition

may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *See* Local Rule 230(l).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has filed no response to the Court's order to show cause nor an opposition or statement of non-opposition to Defendant's pending motion for summary judgment, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders and Plaintiff's failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case respond to the pending motion for summary judgment filed on November 7, 2025. (Doc. 38). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the

merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action. More than 60 days have passed since Defendant filed its pending motion for summary judgment, and more than one month since the Court issued its show cause order on Plaintiff, yet Plaintiff has failed to file a response in compliance with the Court's order. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's show cause order requiring a response from Plaintiff cautioned: "**Any failure by Plaintiff to respond to this Order will result in a recommendation to dismiss this action for failure to obey court orders and failure to prosecute**." (Doc. 39 at 3) (emphasis original). Plaintiff was adequately forewarned that the failure to timely respond to the show cause order would result in terminating sanctions. Thus, the fifth factor—the availability of less drastic sanctions — weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's order and the Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Recommendation**

For the foregoing reasons, the undersigned **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to obey the Court's orders and Local Rules and for failure to prosecute this action. *See* Local Rules 110, 230(l).
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 7, 2026**

UNITED STATES MAGISTRATE JUDGE